NO. 07-10-0114-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 14, 2010

_____

WILLIE GENE MILES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY;

NO. C-1-CR-09-211566; HON. HUMBERTO BARRERA, PRESIDING

_____

*On Abatement and Remand*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Willie Gene Miles, appellant, appeals a conviction from the offense of driving while intoxicated and a sentence of 120 days in the Travis County Jail and a fine of $2,000. Appellant timely perfected this appeal by filing a notice of appeal on March 15, 2010. The clerk's record was filed on March 16, 2010, and on July 6, 2010, the reporter notified the Court that no reporter's record was taken. On April 14, 2010, counsel for appellant notified the Court by letter that appellant wished to dismiss his appeal. In response, the clerk's office called and informed him on April 19, 2010, that a formal motion to dismiss

with appellant's signature was needed in order for the Court to dismiss this appeal. No response was received. By letter dated July 14, 2010, counsel was informed again that the Court required a formal motion signed by appellant in order to dismiss an appeal and he was given until July 24, 2010, to file it. The letter stated that if the motion to dismiss was not received by that date, appellant's brief was due no later than August 13, 2010. No motion or brief was filed by that date, however. On August 20, 2010, the court sent a letter to counsel for appellant notifying him that the brief was overdue and that it or a response was due on August 30, 2010. To date, no response has been filed.

Consequently, we abate the appeal and remand the cause to the County Court at Law No. 8 of Travis County (trial court) for further proceedings. Upon remand, the trial court shall undertake those proceedings necessary to determine the following:

1. whether appellant is indigent;

2. whether appellant desires to prosecute the appeal;

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief); and,

4. why appellant's appointed counsel has not complied with the previously established deadlines.

Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we direct it to appoint new counsel for appellant to prosecute the appeal. Any and all orders issued as a result of its proceeding shall be included in a supplemental clerk's record and filed with this court on

or before October 14, 2010.  Should additional time be needed to perform these tasks, the trial court may request same on or before October 14, 2010.

It is so ordered.

Per Curiam

Do not publish.